20‑3868
*Hampton v. County of Ontario, New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand twenty‑two.

PRESENT:    José A. Cabranes,
            Barrington D. Parker,
            Eunice C. Lee,
                        *Circuit Judges.*

_____

JOSEPH M. HAMPTON, BRENDA S. HAMPTON,

        *Plaintiffs‑Appellees,*

    v.                                              No. 20‑3868‑bk

COUNTY OF ONTARIO, NEW YORK,

        *Defendant‑Appellant.*\*

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

_____

_For Plaintiff-Appellant_:           Kari A. Talbott (Mark H. Wattenberg, _on the brief_), Legal Assistance of Western New York, Inc.

_For Defendants-Appellees_:           Jason S. DiPonzio, Jason S. DiPonzio, P.C.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, Jr., C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

The Hamptons are a married couple who owned a home located in Ontario County, New York that was free and clear of mortgages. In 2015, the couple failed to pay their real estate taxes, totaling $5,201.87. Ultimately, a default judgment of foreclosure was entered in Ontario County's favor on March 2, 2017, which entitled the County to possession of and all equity in the property. Two months later, the Hamptons filed a Chapter 13 bankruptcy plan providing for payment of their entire tax arrears. Shortly afterwards, they filed an avoidance proceeding against the County, seeking to set aside the transfer of their home in tax foreclosure

as constructively fraudulent under 11 U.S.C. § 548(a)(1)(B). Two weeks later, the County sold the home at auction for $27,000. The County notified the bidders, however, that title to the Hamptons' home was in dispute and would not be transferred until determination of this adversary proceeding. In Bankruptcy Court, the transfer of the Hamptons' home was set aside as constructively fraudulent because it was not in exchange for "reasonably equivalent value" under Section 548.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first address standing. The "[Bankruptcy] Code provides that debtors who are eligible for the federal homestead exemption have standing to bring avoidance actions." *Gunsalus v. Cnty. of Ontario, New York*, — F.4th —, No. 20-3865-BK, 2022 WL 2296945, at *3 (2d Cir. June 27, 2022). The County contends that the Hamptons are ineligible for the federal homestead exemption—and therefore have no standing—pursuant to 11 U.S.C. § 522(c)(2)(B), which provides that:

> Unless the case is dismissed, property exempted under this section is not

---

[1] Both the Bankruptcy Court and the District Court conducted proceedings in this case alongside those raised by another similarly situated set of property owners, Brian L. Gunsalus and Gliee V. Gunsalus. The County also appealed the District Court's judgment on those claims, which we have resolved. *See Gunsalus v. Cnty. of Ontario, New York*, — F.4th —, No. 20-3865-BK, 2022 WL 2296945 (2d Cir. June 27, 2022).

liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except . . .

> (2) a debt secured by a lien that is—
>> (B) a tax lien, notice of which is properly filed.

The County is wrong. Section 522(c)(2)(B) "merely requires that the [Hamptons] . . . remain liable for the unpaid taxes even if the fraudulent conveyance action succeeds." *Gunsalus*, — F. 4th —, 2022 WL 2296945, at *3. Because the Hamptons' "Chapter 13 plan achieves just that result[,]" *id.*, Section 522(c)(2)(B) does not render them ineligible for the federal homestead exemption. We thus reject the County's views on standing.

Second, we turn to the County's contention that the Supreme Court's ruling in *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994), entitles the transfer of the Hamptons' home to the legal presumption of being an exchange for "reasonably equivalent value" under 11 U.S.C. § 548(a)(1)(B)(i). We disagree. As we explained in *Gunsalus*:

> *BFP* itself rejects this contention. As Justice Scalia noted, *BFP* 'covers only mortgage foreclosures of real estate. The considerations bearing upon other foreclosures and forced sales (to satisfy tax liens, for example) may be different. That admonition is dispositive because . . . the strict foreclosure procedures [at issue here] offer far fewer debtor protections than the mortgage foreclosure procedures at issue in *BFP*. *See In re Smith*, 811 F.3d 228, 239 (7th Cir. 2016) (finding that a state's tax foreclosure protections must compare favorably to the mortgage foreclosure protections in *BFP* in

4

order to receive a presumption of "reasonably equivalent value"); *In re Hackler & Stelzel*, 938 F.3d 473, 479 (3d Cir. 2019) (same).

— F.4th —, 2022 WL 2296945, at \*5 (cleaned up). Accordingly, we reject the County's views on *BFP*.

We **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court